Good morning, your honors. May it please the court. Nicole Henning on behalf of Mr. Rosales Rivera. If it pleases the panel, I'd like to reserve two minutes for rebuttal. In this case, the court must determine whether violating California Penal Code Section 118 is categorically a crime involving moral turpitude, such that it renders immigrants such as Mr. Rosales Rivera ineligible for removal. The answer to that question should be no for at least two reasons. First, the least of the acts criminalized under Section 118 do not meet the definition of a crime involving moral turpitude, and second, as Mr. Rivera's own conviction shows, Section 118 convictions can be the sort of regulatory offenses that have traditionally been considered mal and prohibitive crimes and thus not crimes involving moral turpitude. As to the first point, as the court has explained and the court has mentioned, it is not a crime involving moral turpitude. It is either perceived fraud as an element of the crime or base vile or depraved conduct such as murder, rape, things of that nature, that shock society's conscience. While the government spends much of its brief arguing that testimonial perjury as to a matter can be a crime involving moral turpitude, that's not really the issue presented in this case, and it's conceded. As Judge Fletcher mentioned, raising your hand in a court of law and testifying under oath as to a material matter falsely would be a crime of moral turpitude. Why? I don't understand. If you concede that, it seems to me you sort of conceded the case away. Yeah, I didn't say it was a crime of moral turpitude. I just said it was a serious matter. It is, and I would say it's a crime involving moral turpitude because it has fraud. Oh, you don't want to say that. Okay. It could be considered. But this is important because it's a question of what fraud is an element means, and I'm not seeing the difference between raising your hand in the court and saying something material that's a lie but not necessarily doesn't have the elements of fraud, i.e. you're not necessarily injuring anybody or trying to get anything for it necessarily. How is that different? It's different because you are faced with a fact finder that you are intentionally misleading as to a material matter. Okay, but what's the element of fraud that's missing from the definition for a crime of moral turpitude? What is it that would make it fraud that isn't here? I'm sorry, Your Honor. Now that you asked the question, you're correct. Bridges makes clear that fraud is not an element of the federal perjury crime either. So you're correct. Fraud is not necessarily an element of testimonial perjury. I'm thinking more in terms of fraudulent testimonial perjury where someone is actually trying to get something from the fact finder, and that's why they're lying. So you're right. It's not necessarily involved. I'm thinking of the worst instance where someone intentionally lies to try to get a benefit from the fact finder, and you're right. It's not necessarily fraudulent in all cases. In some cases, it might be. And California law is clear that fraud is definitely not an element of Section 118. There's the Darcy case that's very clear on that point, but the statute itself is also clear on that point because it is not a defense, and lack of damage is not a defense. So therefore, fraud cannot be an element of Section 118. So then we move on to the second prong of the crime involving moral turpitude test, which is simply willfully making a false statement, which is the conduct criminalized under Section 118 based vile or depraved behavior that typically is ruled as such in Hirsch v. INS, which is cited on page 6 of the reply brief. In that case, the court was discussing whether a false but not fraudulent statement willfully made involved fraudulent intent, and it said no. Another example would be the recent Ibarra-Hernandez case where the government conceded and the court agreed that a certain number of people could be charged with a crime involving moral turpitude because, for example, an immigrant could give a false name and a false social security number and do no harm to anyone. And so it said that that would not be a crime involving moral turpitude. Frankly, I don't understand that, and it seems pretty odd to me. It seems to me that they may not be doing any harm to the person whose false name they're using, but they're probably doing some harm to the person who hires them, legally in the country when they're not, and can be actually criminally liable for doing that. So it seems to me like a rather ridiculous result. But leaving that aside, why is this within that? Well, I would go back, first of all, to Beltran-Torado, and it's just fundamentally different on the spectrum when one is trying to support one's family and earn money from one's own hard work as opposed to essentially stealing it. The new statute basically said it's not a crime to lie about this. It's okay to lie about this. Nobody has ever said it's – even though California is now going to give people driver's licenses, even though they're undocumented, it doesn't – they never made a decision that it's okay to lie about it, that the people who have lied about it can get the driver's licenses. They never said that. We're eliminating the requirement that you not lie about this. But Beltran has nothing to do with it as a result, because Beltran said the reason we know it's not a crime of moral turpitude is because they're now saying – they're now excusing the lie. No one's ever been excusing this lie. Well, a couple of things. One, in this particular case – and this takes me to my second point, which is that it is a mal and prohibitive crime – the lie, as it were, assuming that it is some sort of lie with fraudulent intent, I think lie is sort of loaded with that – Untruthfulness. Yes. False statement, I'll say. Assuming that the false statement was for something that is perfectly – is not considered a crime of moral turpitude to do anyway, which is drive, it's a purely regulatory offense. In other words – But the regulatory offense is driving without a license. What's not a regulatory offense, necessarily, is telling an untruth under penalty of perjury. That doesn't follow. Well, it's an odd world, indeed, where attempting to gain permission to drive is considered worse than driving without permission. What's being considered worse is telling an untruth in an official government document, because the world can't run that way. Your Honor, that has never, to my knowledge, been held to be a crime involving moral turpitude. But I just can't mix up the two. You have to go to the question of whether it's a crime of moral turpitude to tell an untruth in a document at a time when it did matter, and tell me why that's not a crime of moral turpitude. Sure. Because there are a variety of reasons not involving fraud, why one might do that, that one might consider not morally turpitudinous, such as the example of a different age, for example. That could be pure vanity. One wishes to be younger than one is. Weight. Under this standard, Your Honor, I might have committed perjury on my driver's license. I looked at the weight on the way over here. It is not accurate. And that was pure vanity. You know what? I think I owe something to the DMV myself. I better send in a correction. Yes. So simply... In fact, I think it was a lie at the time. It's clearly not true anymore. I believe mine has been the same since I was 16, and that's a mistake. So there are many false statements that could be made, Your Honor, and we're looking at the least of the crimes that are not inherently fraudulent or base file or depraved. I see my time has run out. Why don't we hear from the government, and then you'll get a chance to respond. Thank you, Your Honor. Good morning again, Your Honor. It's Jessica Doggart for the Attorney General. This court should deny the petition for review because the crime involving perjury in this case is categorically a crime involving moral turpitude. The blatant act of fraud in lying on a government form is necessarily moral turpitude. Oh, wait. You just said fraud. Is this fraud? I mean, we're back sort of to where we were in the last case. Is this fraud in any common law sense? Fraud? Yes, to the extent that fraud and deceit are equated in. But you see, they're not identical. Fraud and deceit overlap, but they're not identical. So why is this fraud rather than merely deceit? Well, providing a matter as true that is actually false. That's the deceit part. That's correct, and that's the perjury part. That's part of perjury. Right, that's the part of perjury to the person. A willful statement, knowing that that is false, and providing that in order to gain a benefit is fraudulent. Well, but what about if I lied about my weight or my address or my age, and no matter what I would have said, either my lie or the truth, I would have gotten the license anyway? I didn't lie in order to procure the benefit. I just lied. That raises two questions. The first is the People v. Darcy case. And in People v. Darcy, the California Appellate Court discussed a lie on a voter registration card. That person would have been eligible to become a voter had they provided the true information on that form. What the person lied about was their name. They gave a common name instead of what their legal name was. And they said they were born in New York when they were actually born in Russia. Well, the person had acquired citizenship, so he was a citizen. He was just born in Russia. And because he lied about that information, it was still perjury. So there's your problem. I think that's the solution. Well, it's the solution for her. It's the problem for you because the lie did not obtain the benefit. He would have obtained the benefit had he told the truth. No, but as the court discussed in that case, it's material and the materiality. Exactly. Just stop for a minute, okay? It was material because they've asked for the information for a reason. They use it for other purposes, for example, on the driver's license. If you put down a different age and some other time they try to find you for a crime or something, it might be material. But in terms of whether it had the element of obtaining a benefit, it didn't. It didn't make any difference to getting the benefit. So there's a difference between the two. Respectfully, I disagree. There's not a difference. He still lied about information. And had he provided the correct information, he would have obtained it. But because he didn't, it was perjury. But was it fraud? Yes, to the extent it – and I paused for a second because I wanted to think back about what the court said in Darcy. And the court in Darcy discussed why this is meaningful and why this materiality is so meaningful. And the reason is because you may lie about your name or your age or your weight or your exact date of birth in order to gain a benefit. But let's say the person in Darcy goes and does that four or five different times and obtains four or five different voter registration cards under four or five different identities. That's why it's material, but he didn't, in fact, do that. And therefore, he didn't, in fact, do it to get a benefit. But he could have. Okay, but that's the problem with – if somebody – if I am a salesperson and I tell somebody something that isn't true, but it – you know, like, you know, my name is Joe, but my name isn't Joe, or I can't even come up with a hypothetical. But there are instances in which you have things that are not true, but not fraud because not relied upon and not meant to have a benefit. And one example, although I don't think the case is all that sensible, is the one that was mentioned before, the one about the Social Security number. So that brings me to the second answer to Judge Fletcher's question is that the test here is a realistic probability that that conduct would result in a conviction. I think lying about one's age or – maybe not age, but lying about one's weight is the – Well, what about the Social Security number case, the case in which somebody used somebody – used a false identity and a false Social Security number, and they said, well, that's not fraud because it didn't hurt the person whose identity and Social Security number you raised. And they said it didn't hurt the person who hired you, although that I'm not sure about, but that's what the case says. So why isn't that just positive as to the difference between fraud and perjury? It would be perjury if it were under oath. It would be perjury if it were under oath. But it was not fraud. It would – The case said it wasn't fraud. Right, correct. I'm trying to distinguish the semantics in my head and the reasoning, and that the fraudulent intent is kind of the equation – it equates to the deceit. And that's what courts, dating back to 1922, have found – that's why courts, dating back to 1922, have found that perjury is a crime that involves moral turpitude and misconduct. It seems to me that if you're going to make a coherent argument here, it has to be that it doesn't matter whether it's fraud, that there's another – I mean, that essentially crime of moral turpitude doesn't have to be exactly fraud. It has to be something with the characteristics of fraud, sort of like fraud. If you're trying to argue that it is fraud, you're not going to get anywhere. No, and I think that's a better way to explain my point, and that the deceit involved in perjury is really what's important here, and it's not whether or not we can fit it into the term of fraud, and it's that the person who committed the perjury involves – necessarily did this deceitful act and was convicted of it. So let me make sure where this argument is going. This is not – you're now – for purposes of this argument, you're not saying it's fraud. You're just saying it is so reprehensible, it is so debased and vile that it is turpitudinous. Is that the argument? Well, I don't want to step away from arguing that I think that perjury does involve an element of fraud. Oh, I don't ask you to concede that. I'm just asking you what this particular argument is going to. Right. I guess my point that I was making is that, yes, that perjury itself involves a depraved act that includes – I don't want to equate it to murder in those cases that discuss depraved names. So lying about – giving the wrong name on a DMV, that's morally turpitudinous because it is base and vile? I think it's deceitful, and I think that – Well, it is deceitful. I got that. And I think that level of deceitfulness is sufficient to bring it within the realm of turpitudinous behavior. Oh, boy. Okay. I think that going back to the Sixth Circuit, Fifth Circuit, Seventh Circuit, Eighth Circuit, Third Circuit, Second Circuit, nearly every circuit has discussed intentionally deceiving the government on government forms to be a level of perjury that constitutes moral turpitude behavior. Well, a lot of such deceit really would be or could be, but this California statute is so broad that it includes some misrepresentations or some lies that I have trouble thinking of as inherently base and vile. Well, that's where we get into the realistic probability test. Oh, yeah. So let's talk – it's Duenas-Alvarez that you're talking about. So you're saying, well, they're never going to prosecute me for lying about my weight. Well, they might not, although the Yim case we just had, they put that guy in jail for three years on a plea of false information on a driver's license application. And as far as I can tell, what they were really after him for was something else, but he pled and got three years, and it didn't appear to me that the lie itself was particularly egregious. So if you're going to say – if we're going into Duenas-Alvarez territory, I'm not sure you're going to succeed, because my understanding of the way California employs this is we get a lot of perjury convictions for fairly innocuous statements. They may be pleas because of something else that's going on, but the truth is the underlying behavior that justifies the perjury conviction isn't much. That may be possible. My research based on the California perjury and convictions for perjury in California all involve lying about a material matter that would not be so theoretical as someone's weight on their driver's license. Material matter. I think the weight is fantasy in terms of what really goes on, but name, no, not so. And I would submit that lying about your name would also be perjury that would constitute moral turpitude. Just inherently bad, yeah. How about age? The same thing. You'd be entitled to benefits that you would not otherwise receive. Lying on a driver's license about your citizenship, about your weight, about your name, your age, anything that is inherent to your identity and to whether or not you're entitled to receive the benefit that you're applying for is deceitful in a level that I believe rises to a level of moral turpitude. Thank you. Excuse me. Before you sit down, I don't mean this to be a rebuke, but it's usually better to say if the bench has no further questions. My apologies. If the bench doesn't have no further questions. It does not need an apology. Okay. Thank you, Your Honors, very briefly because I know my time has expired. And thank you very much for giving me some additional time. I don't think it has. You're fine. Oh, great. I would have given you time, but you don't need it. Where does the rule come from that to be CIMT it has to be fraud or based violence, et cetera? I mean, I think there's one of our cases that says that. Does the board ever say that? No, I believe that comes from Ninth Circuit. And was that a considered statement in the sense that fraud meant technical fraud? Technically fraud as opposed to technically, I mean, I would be somewhat, I would somewhat believe that whoever wrote that sentence, and it could even have been me, I don't know. If you'd asked them what is perjury included, they would have said, oh, yeah, that's perjury in two. I mean, I don't know that that was considered statement that it meant technical fraud as opposed to something that partakes of what it is that makes fraud morally turpitudinous, which is largely the lying, not largely the whatever the other elements of fraud. I mean, because morally turpitudinous means, you know, somebody who can't be trusted, essentially. Your Honor, I don't know on the specific case where that standard came from, whether it was considered. But what I can say is that in many of the Ninth Circuit cases, there's discussion of fraud as an element of the crime when the court is considering. Fraud in a technical sense. Yes. That is my understanding of those cases, yes. And that's when the court is considering categorically whether something is a crime involving moral turpitude. Very briefly, just a couple points. One is that I think as the bench picked up on the government's argument has basically no de minimis exception for falsehoods. It essentially says, if you lie, you lie. I think common sense and living life tells us that not every single lie is a morally turpitudinous lie or every single falsehood is morally turpitudinous, particularly in examples such as where the person doesn't have capacity. How do you respond, though? Because I take it as a serious point to the Duenas-Alvarez point. That is to say, it's not sufficient to show that in theory the language is broad enough to encompass. But in fact, it is a realistic possibility that there will be prosecution under the perjury statute for things that are pretty innocuous. How do you respond to that? I would respond to that with the Darcy case where he was entitled to a benefit. There is no question that he got some benefit he wouldn't have otherwise gotten. Simply, there was false information on the way to getting there, and he was prosecuted. So that's a documented example. Do we need a current event? Darcy's a long time ago. I've never seen a single case that says it needs to be current. With that, if the court has no further questions. Thank you. Thank both sides for your helpful arguments. Rosales Rivera versus Lynch submitted for decision.
judges: Fletcher, Paez, Berzon